TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0480
    Facsimile: (213) 894-3713
    Email:    bruce.riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GABRIEL ORTEGA,<br><br>    Defendant. | CR No. 20-007-RGK-1<br><br>PLEA AGREEMENT FOR DEFENDANT GABRIEL ORTEGA |

1. This constitutes the plea agreement between GABRIEL ORTEGA ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Two of the Indictment in United States v. Gabriel Ortega, et al., CR No. 20-007-

RGK, which charges defendant with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement.

      c.    At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant.

      d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

  e. Recommend that defendant be sentenced to a term of imprisonment no higher than 130 months in custody.

  f. Not further criminally prosecute defendant for any violations arising out of defendant's February 12, 2020 arrest on the charges in this matter.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count Two, that is, distribution of methamphetamine, the following must be true: (1) Defendant knowingly distributed at least 50 grams of methamphetamine; and (2) Defendant knew that it was methamphetamine.

5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 50 grams of methamphetamine. Defendant admits that defendant, in fact, distributed at least 50 grams of actual methamphetamine, as described in Count Two of the Indictment.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for possession of cocaine with intent to distribute, as charged in Count Two, is: life imprisonment; a five-year period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: 10 years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral

consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On December 16, 2015, law enforcement officers conducted a controlled purchase of methamphetamine from defendant at a business in Los Angeles. On December 16, 2015, at the direction of law

enforcement, a Confidential Source ("CS") purchased approximately 437 grams of actual methamphetamine from defendant for $2,800. CS was under law enforcement surveillance to and from the meeting with defendant and was searched before and after the purchase from defendant. The Task Force supplied the purchase money and the methamphetamine purchased form defendant was secured and tested after the purchase.

Defendant admits that on December 16, 2015, he distributed approximately 437 grams of actual methamphetamine to the CS knowing that it was methamphetamine.

## SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:        32   [U.S.S.G. § 2D1.1(c)(4)]
Defendant reserves the right to argue that additional specific offense characteristics, adjustments, and departures under the

Sentencing Guidelines are appropriate. The government represents that it does not intend to seek any additional upward adjustments and departures. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

17. Defendant agrees not to seek a sentence below 120 months.

18. The government agrees not to seek a sentence above 130 months.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

20.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21.  Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than the higher of (1) the low end of the Guidelines range corresponding to a

total offense level of 29 and defendant's criminal history category as calculated by the Court, or (2) any applicable mandatory minimum sentence, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any conditions of probation or supervised release imposed by the Court.

22. The USAO agrees that, provided that all portions of the sentence are at or above any applicable statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-Indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-Indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

11

recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

30. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*/s/ Bruce K Riordan*  October 18, 2021
BRUCE K. RIORDAN      Date
Assistant United States Attorney

*/s/ Gabriel Ortega*  10-20-2021
GABRIEL ORTEGA        Date
Defendant

*/s/ Michael Severo*  Oct. 20, 2021
MICHAEL SEVERO        Date
Attorney for Defendant
GABRIEL ORTEGA

13

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Gabriel Ortega_  10/20/2021
GABRIEL ORTEGA                Date
Defendant

14

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GABRIEL ORTEGA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____      Oct. 20, 2021
MICHAEL SEVERO                                 Date
Attorney for Defendant
GABRIEL ORTEGA