TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0480
     Facsimile: (213) 894-0141
     E-mail:    bruce.riordan@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-007-RGK-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Sentencing Date: May 2, 2022 |
| GABRIEL ORTEGA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, hereby submits its position with respect to sentencing for defendant GABRIEL ORTEGA.

//

//

The government's position is based on the attached memorandum of points and authorities, the files and records in this case, and such additional evidence and argument as may be presented at the hearing on this matter.

Dated: April 22, 2022           Respectfully submitted,

                                                TRACY L. WILKISON
                                                Acting United States Attorney

                                                SCOTT M. GARRINGER
                                                Assistant United States Attorney
                                                Chief, Criminal Division

                                                */s/ Bruce K. Riordan*
                                                BRUCE K. RIORDAN
                                                Assistant United States Attorney

                                                Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On October 26, 2021, defendant Gabriel Ortega ("defendant") pled guilty to distribution of methamphetamine in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A)(viii), Count Two of the Indictment.

The United States Probation Office ("Probation") has calculated defendant's total offense level under the United States Sentencing Guidelines ("Guidelines") as 29 with a Criminal History Category of VI.  According to Probation, this results in an advisory Guidelines range of 151 to 188 months' imprisonment.

As the parties advised the Court at the change of plea hearing, defendant's plea agreement was the product of thorough negotiations between the parties, and, in the agreement, the parties agreed to a base offense level of 32, the government agreed to ask the Court for a three-level reduction for acceptance of responsibility and the parties agreed to certain sentencing recommendations – the government agreed to recommend a sentence of no more than 130 months, and defendant agreed to ask for no less than 120 months.

With this filing, the government does request that the Court grant defendant a three-level reduction for his acceptance of responsibility and also asks the Court to impose a 130 month sentence to reflect consistency in sentencing among the defendants in this case and avoid unwarranted sentencing disparities.

The government respectfully recommends this term of imprisonment of 130 months' imprisonment believing that it reflects the seriousness of the offense conduct and is sufficient, but not greater than necessary, to provide the defendant the benefit of his plea

agreement and to accomplish the goals set forth in 18 U.S.C. § 3553(a).

**II.  STATEMENT OF FACTS**

A summary of the relevant facts is drawn from the Plea Agreement and the Presentence Investigation Report ("PSR") at paragraphs 30-34.

At his change of plea in this case, defendant admitted that on or about December 16, 2015, law enforcement officers conducted a controlled purchase of methamphetamine from defendant at a business in Los Angeles.  On December 16, 2015, at the direction of law enforcement, a Confidential Source ("CS")  purchased approximately 437 grams of actual methamphetamine from defendant for $2,800.  CS was under law enforcement surveillance to and from the meeting with defendant and was searched before and after the purchase from defendant.  The Task Force supplied the purchase money and the methamphetamine purchased from defendant was secured and tested after the purchase.

Defendant admitted that on December 16, 2015, he distributed approximately 437 grams of actual methamphetamine to the CS knowing that it was methamphetamine.

**III. RESPONSE TO THE PRESENTENCE INVESTIGATION REPORT**

    **A.   Probation's Guidelines Calculation**

Probation concluded that defendant has a total offense level of 29.  PSR ¶ 53.  This calculation is based on the following:

| | |
|---|---:|
| Base offense (§ 2D1.1(a)(5)) | 32 |
| Acceptance (§ 3E1.1) | -3 |
| <u>Total Offense Level</u> | <u>29</u> |

**B.  Criminal History Calculation**

Probation concluded that defendant has a criminal history score of 15, resulting in a Criminal History Category VI.  PSR ¶ 68-70.

**C.  Government's Guidelines Calculations**

The government agrees with the accuracy of the PSR's calculation of defendant's criminal history category.  However, in order to preserve the benefit of defendant's bargain in entering his plea agreement, ensure consistency in sentencing in this case, and avoid unwarranted sentencing disparities, the government respectfully requests that the Court make a two-level variance in the total offense level calculation.

With this recommendation in mind, the government asks the Court to make a two-level variance from 29 to 27 and set defendant's total offense level at 27.

**D.  Resulting Guidelines Range**

With a total offense level of 27 and a Criminal History Category of VI, the resulting Guidelines' range would be 130-162 months' imprisonment.  As described above and below, the government respectfully recommends a sentence of 130 months.

**IV. Analysis of § 3553(a) Factors**

**A.  Legal Framework**

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. <u>United States v. Carty</u>, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted).  The parties should then be given an opportunity to argue for what they believe is an appropriate sentence.  <u>Id.</u>  Following argument by the parties, the Court must

3

consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007). In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

**B.   The § 3553(a) Factors**

The government submits that the requested sentence is appropriate under all the facts and circumstances.

The nature and circumstances of defendant's offense conduct are serious: defendant, a convicted felon, was distributing controlled substances from a storefront in Los Angeles. The quantity of methamphetamine involved in the offense is the most serious aggravating factor driving the significant offense level for defendant. However, the government is mindful of the mitigating fact that defendant accepted full responsibility for his actions and did so far in advance of trial. The government is also mindful that defendant has been in custody since his arrest in this case and has been diagnosed with serious health conditions during his imprisonment.

The government believes that the requested sentence of 130 months at the low end of the adjusted guidelines range accounts for both the aggravating and mitigating factors described above while

4

also avoiding unwarranted sentencing disparities with other defendants in similar circumstances as defendant. The recommended sentence also accounts for the unique facts pertaining to this defendant and the government's submits that its sentencing recommendation balances the history and characteristics of the defendant with the nature of the offense.

The government also submits that a sentence of 130 months' imprisonment fairly reflects the application of the guidelines as well as the serious nature of the crime, and the likelihood that defendant poses a future danger to the community while also providing defendant with the benefit of his plea agreement bargain and his acceptance of responsibility.

For all of these reasons, the government believes that a sentence of 130 in custody is appropriate.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a term of 130 months' imprisonment. In addition, the government respectfully request the Court order defendant to serve five years of supervised release, no fine, and a mandatory special assessment of $100.